**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-441-KKC

JUAN ARAIZA-MORALES                                                                PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

DONALD STINE, Warden, and the
IMMIGRATION AND NATURALIZATION SERVICE[1]                    RESPONDENTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Juan Araiza-Morales, an individual incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has moved to proceed *in forma pauperis*.

The petition is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

---

[1] The Immigration and Naturalization Service has been abolished and its immigration enforcement function transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security. The change does not affect the immigration detainer or the instant cause of action, however.

CLAIMS

The petitioner claims that the respondents' anticipated detention of him past his upcoming release date (1) violates his rights under the Fifth and Eighth Amendments to the U.S. Constitution; (2) is an unconstitutional application of 8 U.S.C. §1226(c); and (3) constitutes false imprisonment.

ALLEGATIONS

The following is a summary or construction of the petitioner's factual allegations, which he has presented in a common petition form and attached a 7-page memorandum. Record No. 2.

The petitioner states that on March 8, 2002, he was convicted of illegal re-entry into the United States and was sentenced to 18 months' incarceration. He alleges that his release date from that sentence, September 24, 2006, is approaching,[2] and he anticipates that he will continue in detention after that date, pursuant to an Immigration Detainer lodged against him. He attaches a copy of the detainer, which shows that the Immigration Service has indeed asked for notice prior to his expected September 24, 2006 release date, because an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States."

This petitioner alleges that he received a Notice to Appear at a deportation hearing, but he did not respond to it. Although he states that he has attached a copy of that Notice, he has not done so. Therefore, the Court does not know when a hearing notice was issued or any hearing held. At any rate, Araiza-Morales asks the Court to help him avoid an illegal and lengthy post-sentence detention. He swears under penalty of perjury that "[i]t has been a pattern and practice of Respondent Immigration and Naturalization, Stine and Homeland Security to hold illegal aliens up

---

[2] The petition is dated as signed on September 10, 2006, and seeks the Court's intervention prior to his release date. However, the petition was not received in the office of the Clerk of the Court until September 25, 2006, the day *after* his release from the criminal sentence.

2

to 90 days in prison beyond their sentence expiration date," plus another "90 more days in INS Facilities, or 6 months in prison."

Therefore, "Araiza-Morales challenges the Pattern and Practice of Respondent in confining aliens beyond their release date, and Camacho's release date specifically." He points out the limitations of the prison environment, with no interpreters or paralegals; professes his desire for all aliens facing deportation proceedings to be released on bond pending the proceedings; also seeks the assistance of counsel two months prior to any alien's release date; and relies on case law, including *Zadvydas v. Davis*, 533 U.S. 678 (2001), as supporting his constitutional and statutory claims.

## DISCUSSION

Habeas corpus jurisdiction exists under the terms of 28 U.S.C. §2241 where the petitioner asserts a claim that his *current* custody is illegal, in that it violates the U.S. Constitution or a federal statute. The instant petitioner has admitted that his claim is that his *future* custody will be illegally long. So long as his detention is in service of a criminal sentence, with an INS detainer lodged against him (as he was on the day he signed the petition), his petition is premature. He is only anticipating coming into the custody of the INS or its successor agency.

The law is well established that a prisoner must wait until he comes into the custody of the INS authorities to challenge the INS's detention, because an INS detainer only constitutes a notice that the INS will seek custody of the prisoner in the future and requests notice when the prisoner is coming to the end of his BOP confinement on a criminal sentence; the detainer does not confer custody to the INS. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y) (noting the petitioner's status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir.

1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). See also *Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (same; also relying on *Campillo*, 853 F.2d at 595).

Because a detainer is only a notice and does not alter a prisoner's status as a custodial detainee of the federal prison system, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595. Thus, if the instant petitioner is still serving his criminal sentence, any interference by this Court is barred. Only at a later time, when he has passed into INS custody, will the petitioner be able to challenge the legality of his detention in a habeas proceeding pursuant to 28 U.S.C. §2241, in the circumstances to be discussed below.

However, if the petitioner has passed into the custody of immigration authorities, as he anticipated would happen on September 24, 2006, the date on which the removal proceedings begin, if any, and the type of relief sought will determine what law to apply. The Court notes that United States immigration law has changed a great deal in recent years. Amendments were made to the Immigration and Nationality Act in 1996, as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 110 Stat. 3009-546 (1996). There are not only pre-IIRIRA rules, but also interim rules and post-IIRIRA rules, most of which may not be applied retroactively.

If the petitioner is now in INS custody, the first questions to be addressed are whether an order of removal has been entered against him and how long he has been detained by INS officials. In the case *sub judice*, it appears that removal proceedings are planned for the instant petitioner. The

detention of aliens is mandated during the pendency of removal proceedings, under 8 U.S.C. §§1226(a) and 1226(c)(1). Moreover, §1226(e) explicitly states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to [court] review."

A §2241 petition may state a claim for a pre-removal-order alien when the length of his or her detention under §1226 becomes unreasonable. This happens when, given the time that has elapsed in completing the removal proceedings and the likelihood of actual removal, the detention appears to be indefinite. An indefinite detention under §1226 is unconstitutional, and a §2241 petition is appropriate to challenge it. In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003), the Sixth Circuit wrote that, despite the statutory mandate of §1226(c)(1), the alien "shall" be taken into custody:

> We hold that [ICE] may detain *prima facie* removable aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly. When actual removal is not reasonably foreseeable, deportable aliens may not be indefinitely detained without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest.

*Id.* at 273. The reasonableness of the length of detention must be determined on a case-by-case basis and is subject to habeas review. *Id. See also Yang v. Chertoff*, 2005 WL 2177097 (E.D.Mich. 2005) (not reported) (discussing *Ly* and denying §2241 petition of Yang, who had been in ICE custody for only three months).

However, if the instant petitioner's removal proceedings have ended and there is an order of removal issued by an immigration judge, then the governing statute as to the length of an alien's stay pending actual removal is 8 U.S.C. §1231. The statute provides that immigration authorities "shall

5

remove" the alien within 90 days after the alien has been ordered removed. Even had a removal order been issued on this petitioner, ninety days in INS custody have clearly not passed.

Additionally, the Supreme Court of the United States has held that the detention of an alien under an order of removal may be extended beyond the 90-day removal period. In the case of *Zadvydas,* upon which the instant petitioner claims to rely, the Court was presented with an alien who had originally been admitted but later ordered removed and had been languishing in a lengthy detention afterwards, well beyond the 90-day period which the statute allows. The Court interpreted §1231(a)(6) to authorize a such an alien's detention beyond 90 days, but the Court also set a limit to the longer detention.

Under *Zadvydas*, the detention of a post-removal-order-alien may last only for as long as is "reasonably necessary" to effectuate the alien's removal, and six months is the presumptive period of time that is reasonably necessary to effectuate removal. 533 U.S. at 689, 699. Later, in *Clark v. Martinez*, 543 U.S. 371 (2005), the Court extended the *Zadvydas* holding to inadmissible aliens. *Id* at 373. For both types of post-removal-order aliens, after 6 months, the detention is improper if the alien demonstrates, and the government fails to rebut, the lack of a significant likelihood of removal in the reasonably foreseeable future.

The Court concludes that the instant petitioner has failed to state any facts or legal grounds for his current detention's being illegal. This is true whether he is still serving a valid federal sentence; was released to immigration authorities two weeks ago for removal proceedings; or was released to immigration authorities two weeks ago for effectuating his previously ordered removal from the United States. Perhaps some day, should his INS detention be prolonged, then the petitioner may bring a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

Because the instant petitioner has failed to state a claim upon which the Court may grant relief, the Court cannot reach the merits of his claims but will dismiss his action, without prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The petitioner's supplemented motion to proceed herein *in forma pauperis* [Record Nos. 5-6] is **GRANTED**;

(2) Petitioner Araiza-Morales's petition for writ of habeas corpus is **DENIED**;

(3) this action shall be **DISMISSED**, *sua sponte*, without prejudice, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents; and

(4) Petitioner's motions for a waiver of the copies requirements under the Federal Rules [Record Nos 3-4] are **DENIED** as moot.

Dated this 12th day of October, 2006.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**