NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-441-KKC

JUAN ARAIZA-MORALES                                                    PETITIONER

VS:                    **AMENDED MEMORANDUM OPINION AND ORDER**

DONALD STINE, Warden, and the
IMMIGRATION AND NATURALIZATION SERVICE[1]               RESPONDENTS

**** **** **** ****

Juan Araiza-Morales, an individual incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has moved to proceed *in forma pauperis*.

The petition is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

As this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious,

---

[1] The Immigration and Naturalization Service has been abolished and its immigration enforcement function transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security. The change does not affect the immigration detainer or the instant cause of action, however.

or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

The petitioner claims that the respondents' detention of him past his release date (1) violates his rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; (2) is an unconstitutional application of 8 U.S.C. §1226(c); and (3) constitutes false imprisonment.

<u>ALLEGATIONS</u>

The following is a summary or construction of the petitioner's factual allegations, which he has presented in a common petition form and an attached 7-page memorandum.  Record No. 2.

The petitioner states that on or about May 17, 2003, he was convicted of illegal re-entry into the United States, in violation of 8 U.S.C. §1326.  He attaches a copy of the Judgment, which shows that he pled guilty and was sentenced to 48 months' incarceration.  The petitioner alleges that he completed the sentence 40 days ago, on August 15, 2006, but he is still confined at U.S.P.-McCreary.  He claims that this current detention is pursuant to an immigration detainer, which had been lodged against him there on October 20, 2005.

Petitioner attaches a copy of the detainer, which shows that the Immigration Service advised the prison that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States," and that a Notice to Appear, initiating removal proceedings, had been served on the petitioner on October 7, 1999.  Therefore, the immigration authorities asked that the prison notify them 30 days prior to the prisoner's August 15, 2006, scheduled release date.  Also attached is a border Patrol Detainer, which is dated February 24, 2003, and is from the United States Border Patrol Office in El Paso, Texas.  It asks for the same 30-day notice prior to Araiza-Morales' release.

2

The petitioner alleges that a deportation hearing is now set; he has not yet been notified of the date, but "deportation to Mexico is the outcome." Araiza-Morales asks the Court to help him avoid an illegal and lengthy detention by immigration authorities. He swears under penalty of perjury that "[i]t has been the pattern and practice of the Warden, Immigration and Naturalization Service and Homeland Security to hold illegal aliens in the prison months beyond their releas [sic] dates without any type of individual bond hearings, or to hold them in the INS Centers."

The petitioner points out the limitations of the prison environment, with no interpreters or paralegals; professes his desire for all aliens facing deportation proceedings to be released on bond pending the proceedings; suggests that no illegal aliens should be detained beyond their release dates; also seeks the assistance of counsel two months prior to any alien's release date; and relies on case law, including *Zadvydas v. Davis*, 533 U.S. 678 (2001), as supporting his constitutional and statutory claims.

<u>DISCUSSION</u>

Habeas corpus jurisdiction exists under the terms of 28 U.S.C. §2241 when a petitioner asserts a claim that his current custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Since the instant petitioner has been kept confined at USP-McCreary past his release date on the criminal sentence, and since the petitioner alleges that the immigration authorities have a pattern of keeping custodial aliens in BOP prisons, the Court presumes that he has passed into INS/ICE custody. If so, he will have stated a cognizable claim against the immigration authorities, pursuant to 28 U.S.C. §2241(c)(3), only under the circumstances to be discussed below.

The date on which the removal proceedings began or begin and the type of relief sought will determine what law governs. The Court notes that United States immigration law has changed a great deal in recent years. Amendments were made to the Immigration and Nationality Act in 1996, as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 110 Stat. 3009-546 (1996). There are not only pre-IIRIRA rules, but also interim rules and post-IIRIRA rules, most of which may not be applied retroactively.

Once the alien has been transferred into INS custody, the first questions to be addressed are whether an order of removal has been entered against him and how long he has been detained by INS officials. As to the first of these questions, in the case *sub judice*, it appears that the petitioner's removal proceedings did not take place earlier but are planned. The detention of aliens is mandated during the pendency of removal proceedings, under 8 U.S.C. §§1226(a) and 1226(c)(1). Moreover, §1226(e) explicitly states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to [court] review."

Once in custody pursuant to §1226, an alien may state a §2241 claim only when the length of his or her detention under §1226 becomes unreasonable. This happens when, given the time that has elapsed in completing the removal proceedings and the likelihood of actual removal, the detention appears to be indefinite. An indefinite detention under §1226 is unconstitutional, and a §2241 petition is appropriate to challenge it. *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003). In *Ly*, the Sixth Circuit wrote that, despite the statutory mandate of §1226(c)(1), *i.e.*, the alien "shall" be taken into custody, the length of the detention may become so prolonged as to be unreasonable and fodder for a §2241 proceeding:

> We hold that [ICE] may detain *prima facie* removable aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly. When actual removal is not reasonably foreseeable, deportable aliens may not be indefinitely detained without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest.

*Id.* at 273.

The reasonableness of the length of detention must be determined on a case-by-case basis under habeas review. *Id.* The Court found that Petitioner Ly's detention by the INS for 1½ years without a final decision on removal, and without any special justification for the delay, was unreasonable and his actual removal not reasonably foreseeable. Therefore, the grant of habeas relief was affirmed. *See also Yang v. Chertoff*, 2005 WL 2177097 (E.D.Mich. 2005) (not reported) (discussing *Ly* and denying §2241 petition of Yang, who had been in ICE custody for only three months). The instant petitioner has been in custody only since August 15th of this year, only two months, and he does not give any reason or authority for a two-month interval to be deemed indefinite and within the holding in *Ly*. Thus, if the petitioner is in custody pursuant to §1226, he fails to state a claim upon which the Court may grant relief.

If the instant petitioner's removal proceedings were conducted in 1999 (or any other prior time) and there exists an order of removal issued by an immigration judge, then the governing statute as to the length of an alien's stay pending actual removal is governed by a different statute, 8 U.S.C. §1231. This statute provides that immigration authorities "shall remove" the alien within 90 days after the alien has been ordered removed. Therefore, even if a removal order has been issued on this petitioner previously and he has been held past his August release date to effectuate his removal, thus far the mandatory ninety-day period in INS custody has not passed.

5

However, before the instant petitioner rushes to the courthouse after the passage of another 30 days, he is informed that the Supreme Court of the United States has interpreted §1231 to permit an alien's detention to be even longer than 90 days.  In the case of *Zadvydas,* upon which the instant petitioner claims to rely, the Court held that the §1231 detention of an alien under an order of removal may be extended well beyond the 90-day removal period, but that extension has a limit.

The *Zadvydas* Court was presented with an alien who had originally been admitted but later ordered removed, and he had been languishing in a lengthy detention afterwards, well beyond the 90-day period which the statute allows.  The Court interpreted §1231(a)(6) to authorize the detention of a post-removal-order alien beyond 90 days, but held that the detention may last only for as long as is "reasonably necessary" to effectuate the alien's removal, and six months is the presumptive period of time that is reasonably necessary to effectuate removal.  533 U.S. at 689, 699.  *See also Clark v. Martinez*, 543 U.S. 371, 373 (2005), the Court extended the *Zadvydas* holding to inadmissible aliens under a removal order.  *Id* at 373.  After 6 months, the detention is improper if the alien demonstrates, and the government fails to rebut, the lack of a significant likelihood of removal in the reasonably foreseeable future.

Following the *Zadvydas* decision, regulations were promulgated to meet the criteria established by the Supreme Court.  *See* 8 C.F.R. §241.4.  One portion of the regulation provides that prior to the expiration of the removal period, the ICE district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the removal period or is impracticable or contrary to public interest; and the director will then "notify the alien in writing that he or she is to be released from custody, or that he or she will be continued in detention pending removal or further review of his or her custody status."  8 C.F.R. §241.4(k)(1)(i).

None of the deadlines relevant to custody under §1231 have as yet come to pass.  To the extent that the instant petitioner is under an order of removal or may soon be, his detention is mandated initially for up to 90 days, under the statute, and then will be presumptively reasonable for up to six months, under *Zadvydas*.  The Court concludes that the instant petitioner has failed to state any facts or legal grounds establishing or even suggesting that his current detention is illegal.  This is true whether he was transferred to the custody of immigration authorities two months ago for initiating removal proceedings, or was released  to immigration authorities two months ago for effectuating his previously-ordered removal from the United States.

Perhaps someday, should his INS detention be prolonged, then the petitioner may bring another petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  However, the instant petition is premature.  *See Cuevas-Rodriguez v. Chertoff*, 2006 WL 1421032 (E.D. Mich. 2006) (slip op.); *Aramayo-Escobar v. Bureau of Immigration and Customs Enforcement*, 2005 WL 2860648 (M.D. Pa. 2005) (slip op.)

Because the instant petitioner has failed to state a claim upon which the Court may grant relief, the Court will not reach the merits of his claims but will dismiss his action, without prejudice.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     The petitioner's motion to proceed herein *in forma pauperis* [Record No. 3] is **GRANTED**;

(2)     Petitioner Araiza-Morales' petition for writ of habeas corpus is **DENIED**;

(3)     this action shall be **DISMISSED**, *sua sponte*, without prejudice, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and

Order in favor of the respondents; and

(4)     Petitioner's motion for a waiver of the copies requirements under the Federal Rules [Record No. 4] is **DENIED** as moot.

Dated this 23rd day of October, 2006.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**